LOVECCHIO, J.,
By information filed December 12, 2014, defendant is charged with numerous counts arising out of his alleged sexual assaults on a minor female. At the time of the alleged sexual assaults, the child C.R. was approximately seven (7) years old. As part of an omnibus pretrial motion filed on January 5, 2015, defendant contends that C.R. is not competent to testify.
A hearing on defendant’s competency motion was held before the court on March 23, 2015.
In general, a witness is presumed competent to testify and the burden falls on the objecting party to prove the witness is not competent. Pa. R. E. 601 (a); Commonwealth v. Harvey, 812 A.2d 1190, 1199 (Pa. 2002). When the *152 witness is a child, the presumption still applies that the court must conduct an inquiry to determine whether the child has the ability: (1) to perceive the occurrence with a substantial degree of accuracy; (2) to remember the event being considered; (3) to understand and communicate intelligent answers about the occurrence; and (4) to be mindful of the need for truthfulness. Commonwealth v. Anderson, 552 A.2d 1064, 1067-68 (Pa. Super. 1998).
Prior to a child witness testifying, he or she must be examined for competency. Commonwealth v. Delbridge, 855 A.2d 27, 39 (Pa. 2003). “A competency hearing of a minor witness is directed to the mental capacity of that witness to perceive the nature of the events about which he or she is called to testify, to understand questions about that subject matter, to communicate about the subject at issue, to recall information, to distinguish fact from fantasy and to tell the truth.” Commonwealth v. Hutchinson, 25 A.3d 277, 290 (Pa. 2011), quoting Delbridge, 855 A.2d at 45.
The capacity of young children to testify has always been a concern as their immaturity can impact their ability to meet the minimal legal requirements of competency. Common experience informs us that children are, by their very essence, fanciful creatures who have difficulty distinguishing fantasies from realities; who when asked a question want to give the ‘right’ answer, the answer that pleases the interrogator; who are subject to repeat ideas placed in their heads by others; and who have limited capacity for accurate memories.
Delbridge, 855 A.2d at 39-40.
As well, the testimony of children may be impacted *153 by the issue of taint. The Pennsylvania Supreme Court recognized the susceptibility of children to suggestion and fantasy and held that a child witness can be rendered incompetent to testify where unduly suggestive or coercive interview techniques corrupt or taint the child’s memory and ability to testify truthfully about that memory. Id. at 35; see also Commonwealth v. Judd, 897 A.2d 1224, 1228-1230, (Pa. Super. 2006), appeal denied, 912 A.2d 1291 (Pa. 2006).
As this court noted in Commonwealth v. Whitney, 94 — 2010 (Lycoming County, November 17, 2010): “A child’s testimony can be tainted regardless of whether or not a conscious effort is being made to achieve this. The developing mind of a child is vulnerable to taint. Taint could include suggestive or leading questions; pressure to answer in a way most desirable to parents/caregivers, adult and authority figures; and information absorbed from simply being the center of questions and speculation from an individual in the child’s environment.”
In reviewing a claim of taint, the court is directed to consider different factors including the age of the child, whether the child has been subject to repeated interviews by adults in positions of authority, and the existence of independent evidence regarding the interview techniques utilized. Commonwealth v. Moore, 980 A.2d 647, 652 (Pa. Super. 2009).
Determining a child’s competency to testify in a sexual assault case is of critical importance not only to the parties but to the judicial system as a whole. The court cannot and will not ignore its obligation with respect to such. It is incumbent on the court to thoroughly and comprehensively test the intelligence and capacity of a young child who *154 comes before it in these types of cases, to accurately relate a series of events. The child must understand and have the intelligence to understand his or her obligation to speak the truth. The child must have the mental capacity at the time of the occurrence in question to observe and register the occurrence. The child must have a memory sufficient to retain an independent recollection of the observations made. The child must have the ability to translate into words the memory of those observations, and finally the child must have the ability to understand and respond to simple questions of the occurrence. Shanks, Evaluating Children ⅛ Competency to Testify: Developing a Rational Method to Assess a Young Child’s Capacity to Offer Reliable Testimony in Cases Alleging Child Sex Abuse, 58 CLEV. ST. L. REV. 575, 583 (2010).
“The salient questions are whether the child can observe and register what happened, whether she has memory sufficient to retain an independent recollection of the events, whether she has the ability to translate into words the memory of those observations, and whether she has the ability to understand and respond to simple questions about the occurrence.” Id. at 584 — 585.
Further, “the evaluation must be based on a realistic assessment of the child’s developmental maturity and her ability to provide reliable information about the events that are alleged in the criminal action.” Id. at 597.
With these principles in mind, the court took testimony from the child’s mother and the child during the competency hearing. The purpose in taking the testimony from the mother was to gather information about the child to utilize during the interview of the child. This information provided the court with a background to determine the *155 child’s personal, academic and social development.
The court then conducted a searching inquiry into the relevant factors regarding the child’s competency. The court concludes, after evaluating and considering all of the factors, that the child is competent to testify and that her recollection of the events at issue has not been tainted.
Beyond just knowing the difference between truth and lies, the child demonstrated an understanding of the meaning of the truth and lies and, equally as important, how the telling of a lie could not only impact her negatively, but also others. She related experiences from the past and/or experiences relating to events which she was taught were true and distinguished between what was true and not true. The court utilized different scenarios including but not limited to, what might happen if she told a lie about the court and on the other end of the spectrum, where Goldilocks might have slept. She was clearly able to comprehend the impact of her words not only on herself but on others.
There was no doubt that the child had the mental capacity to understand questions that were asked of her and to communicate about the subject at issue. Numerous questions were asked by the court regarding numerous different things, events or issues. The child demonstrated an ability to understand the question and then communicated a reasoned response. Indeed, she presented herself as quite intelligent for her age, very articulate and had what appeared to the court to be a proficient grasp of the English language. With respect to the events about which she was being called to testify, while there were some minor inconsistencies, the court attributes those to human nature and perhaps even perception issues. It did not at all appear *156 to the court that the child was simply reciting a version of events that she was taught. While the court, both personally and professionally, recognizes that children can learn and actually relate detailed and/or complicated stories without those stories being necessarily true, the court’s charge in this case was not to determine the veracity of what she alleged.
A competency evaluation charges the court with determining whether the minor can distinguish fact from fantasy. It was evident to the court that the child had the cognitive abilities to organize the past events in her mind, to relate those events as they actually occurred to her, and to differentiate those facts from any type of fantasy. Indeed, the court “cross-examined” the child with respect to certain matters and the child responded with reasoned explanations.
One issue arose with respect to the child recalling an event in which she observed a theater production in town. She apparently went to the production with the assistant district attorney and perhaps another member of the district attorney’s staff. She indicated that she actually went with defendant’s attorney who had a bow in his head and perhaps was wearing a different colored bowtie. It was clear that this event never occurred. She was detailed in her explanation and certain that it occurred. The court does not interpret this, however, as expressing fantasy versus fact. The court interprets this as the child mistaking the identity of the person that she was with or saw. It was a Christmas event and there were individuals dressed in bowties and hair bows.
Under all of the circumstances, the court concludes that the child is competent to testify.
*157 ORDER
And now, this 1 st day of April 2015, following a hearing, the court finds that the minor child C.R. is competent to testify against defendant in these matters.